# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: March 6, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| MARSHA DOUGHERTY, | * | |
| | * | |
| Petitioner, | * | No. 15-1333V |
| | * | Special Master Sanders |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

David P. Murphy, David Murphy Esq., Greenfield, IN, for Petitioner.
Voris E. Johnson, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On November 6, 2015, Marsha Dougherty ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that she developed narcolepsy with cataplexy as a result of the influenza vaccine she received on November 7, 2012. Pet. at 1, ECF No. 1. An entitlement hearing was held in this matter on November 30 through December 1, 2017, in Boston, Massachusetts. The undersigned issued her Decision denying entitlement on July 5, 2018. *Dougherty v. Sec'y of Health & Human Servs.*, No. 15-1333V, 2018 WL 3989519 (Fed. Cl. Spec. Mstr. Jul. 5, 2018). Petitioner filed a motion for review on August 2, 2018, which was denied by the Court of Federal Claims on December 28, 2018. *Dougherty v. Sec'y of Health & Human Servs.*, 141 Fed. Cl. 223 (Fed. Cl.

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

2018).

On November 29, 2018, Petitioner filed an application for attorneys' fees and costs. ECF No. 108 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $130,949.18 (representing attorneys' fees of $89,992.00 and costs of $40,957.18). Fees App at 4. Respondent reacted to the motion on December 4, 2018, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3 (ECF No. 110). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I. Reasonable Attorneys' Fees and Costs

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, the undersigned does not doubt that the petition was filed in good faith, and although the petition was eventually dismissed, the matter warranted a hearing on entitlement. Respondent has also not challenged the reasonable basis of the petition. Accordingly, a final award of fees is appropriate.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1348. This is a two-step process. *Id.* First, a court determines an "initial estimate ... by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.' " *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### a. Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys Forum Hourly Rate Fee Schedules for 2015-2016, 2017, and 2018 can be accessed online.[3]

Petitioner requests the following rates of compensation for her attorneys: for Mr. David Murphy, $400.00 per hour for all work performed from 2015-2018, and for Ms. Emily Hawk, $250.00 per hour for all work performed from 2015-2018. Fees App. Ex. A. These rates are consistent with what Mr. Murphy and Ms. Hawk have billed for their work and been awarded in prior Vaccine Program cases. *See Phipps v. Sec'y of Health & Human Servs.*, No. 15-238V, slip op. at 2 (Fed. Cl. Spec. Mstr. Jan. 9, 2017); *Adler v. Sec'y of Health & Human Servs.* No. 16-960V, slip op. at 2 (Fed. Cl. Spec. Mstr. Dec. 1, 2016).

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Upon review, the undersigned finds the hours billed in this matter to be largely reasonable, with only minor reductions required. First, Ms. Hawk billed for several tasks, such as scanning, faxing, and mailing documents, which are typically considered to be non-compensable administrative tasks. It is well-established that work such as preparing exhibits for filing, calendaring events, and mailing documents is considered secretarial/clerical work and is not compensable in the Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018). Ms. Hawk typically grouped these administrative tasks together with other compensable billing entries, making difficult for the undersigned to ascertain how much time was expended on administrative tasks. *See, e.g.,* Fees App. Ex. A at 1, 3 (entry on 2/19/15 for "Receive, review, scan and save documents from Client" billed for 0.4 hours; entry on 12/10/15 for "Orders rec'd for Extension and Subpoena; package subpoena. Order and Cert Mail to Hemelt Neurology"

---

[3] The 2015-2016 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf. The 2017 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

billed for 1.1 hours). In order to achieve "rough justice," the undersigned will reduce the hours billed by Ms. Hawk by 3.0, resulting in a reduction of **$750.00**.

Also requiring adjustment is the time billed by Mr. Murphy for travel. Mr. Murphy billed a total of 7.0 hours for travel to and from the entitlement hearing at his full hourly rate. Fees App. Ex. A at 29. The Vaccine Program has routinely compensated attorneys for their travel time at one-half of their typical hourly rate, absent some sort of information confirming that work was being performed for a portion of the travel time. In this case, Mr. Murphy has not asserted that he was working during this travel time. Indeed, Mr. Murphy has billed for trial prep work in a separate entry on the same day of his travel, indicating that he accounted for time spent preparing for trial separately. Accordingly, the undersigned will compensate Mr. Murphy for his travel at one-half of his billed rate. This results in a reduction of **$1,400.00**.

   c. **Attorneys' Costs**

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $40,957.18 in costs, the vast majority of which ($32,504.00) is attributable to the expert work of Dr. Marcel Kinsbourne. Fees App. Ex. Z. Dr. Kinsbourne billed a total of 68.3 hours at a rate of $500.00 per hour. Dr. Kinsbourne has consistently been awarded $500.00 per hour for his work in the Vaccine Program. *See Hernandez v. Sec'y of Health & Human Servs.*, No. 16-1508V, 2018 WL 4391060 (Fed. Cl. Spec. Mstr. Aug. 20, 2018); *Pember v. Sec'y of Health & Human Servs.*, No. 15-1005V, 2018 WL 3989514 (Fed. Cl. Spec. Mstr. June 28, 2018). The hours also appear reasonable, given that Dr. Kinsbourne prepared one initial expert report, two supplementary expert reports, and testified during the entitlement hearing. Accordingly, this cost will be reimbursed in full.

The rest of the costs are typical in Vaccine Program litigation, such as the cost of acquiring medical records, travel costs related to the entitlement hearing for Mr. Murphy, Dr. Kinsbourne, and Petitioner herself. Petitioner has provided adequate documentation for all of these costs, and they will be reimbursed in full. Accordingly, petitioner is entitled to the full amount of costs requested.

**II.   Conclusion**

Based on all of the above, the undersigned finds that Petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested | $89,992.00 |
| (Reduction to Attorney Hours) | - $2,150.00 |
| **Total Attorneys' Fees Awarded** | **$87,842.00** |
| | |
| Attorneys' Costs Requested | $40,957.18 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$40,957.18** |
| | |

| Total Amount Awarded | $128,799.18 |
|---|---|

      In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than those reductions delineated above, is reasonable. Accordingly, the undersigned hereby awards **a total of $128,799.18 to be issued in the form of a check payable jointly to Petitioner and Petitioner's counsel, Mr. David Murphy, for attorneys' fees and costs.**

      In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

      **IT IS SO ORDERED.**

                                          s/Herbrina D. Sanders
                                          Herbrina D. Sanders
                                          Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).